UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AROR-ARK ARK O'DIAH, c/o Timespeed Worldwide Global Judicial Watch Moral Health Service Systems, Inc,

                      Plaintiff,

-against-

UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   6/14/22

22-CV-4685 (VEC)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

VALERIE CAPRONI, United States District Judge:

      On September 5, 2015, Plaintiff was barred from filing any new civil action in this court without prior leave of court. *See O'Diah v. Port Auth.*, No. 14-CV-3001, 12 (RA) (S.D.N.Y. Sept. 5, 2014) (dismissing complaint for which Plaintiff paid the filing fees, and imposing injunction requiring Plaintiff to submit a motion for leave to file and a copy of the injunction order)[1], *appeal dismissed*, No. 14-2395 (2d Cir. Jan. 12, 2015) (denying Plaintiff leave to proceed IFP on appeal, "as the proposed appeal does not represent a departure from [his] pattern of vexatious litigation.")

      Plaintiff paid the fees to bring this new *pro se* action, but did not comply with the requirements of the court's September 5, 2014 order; he did not include a copy of the injunction

---

[1] The United States District Court for the Eastern District of New York and the United States Court of Appeals for the Second Circuit have imposed similar filing restriction on Plaintiff. *O'Diah v. Port Auth. of N.Y. & N.J.*, No. 05-CV-5297, 2012 WL 113551, at *2 (E.D.N.Y. Jan. 11, 2012) (requiring Plaintiff to seek leave to file); *O'Diah v. New York State Sec'y of Dep't of Health and Human Servs.*, 11-2153, 11-2373, (2d Cir. Nov. 16, 2011) (imposing leave-to-file sanction "in light of [Plaintiff's] litigation history"). A review of Public Access to Court Electronic Records (PACER) shows that Plaintiff has filed almost 100 cases in federal courts around the country. *Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 205 n.4 (2d Cir. 2003)) (noting that courts may consider matters that are subject to judicial notice, including court records.)

order and, more substantively, he did not set forth a good-faith basis for the filing of this action against each of the named defendants.

Plaintiff names more than 40 defendants, including state and federal judges, government officials and agencies, private attorneys and other private entities.[2] Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and 1986, claiming that defendants have engaged in a wide-ranging conspiracy to discriminate and harass him, falsely convict him, and to deny him access to the courts because of his race; he also asserts state-law claims of assault, battery, and breach of fiduciary duty. (ECF 1.) Attached to the complaint are documents from a variety of entities, including the New York State Tax Department; the Social Security Administration; the New York State Office of Temporary and Disability Assistance; the 911 WTC Health Program; the New York City Police Department; the New York City Department of Housing, Preservation and Development; and the New York City Housing Court, Kings County.

Plaintiff's 39-page, single-spaced complaint is a hodgepodge of allegations about random events for which he seeks billions of dollars in damages. There is no indication, however, that Plaintiff's complaint presents any viable legal claims. Moreover, Plaintiff asserts claims that

---

[2] Named as defendants in this complaint are: United States Small Business Administration (SBA); SBA officials Isabella Casillas Guzman and Beth Goldberg; Federal Express; New York State Office of Temporary and Disability Assistance (OTDA); New York State Executive Department Victim Service; New York State; Acting Commissioner of the Social Security Administration (SSA) Dr. Kililo Kijakazi; United States Postal Service (USPS); "All the Judges at the New York State Supreme Courts in Queens and Kings Counties"; the September 11 Victim Compensation Fund; Special Master August Flentje; Director of Operations Kimberly C. Brown; Capital One Bank, N.A.; New York City Housing Preservation and Development; Second Circuit Judges Robert A. Katzmann and Debra Ann Livingston; Ninth Circuit Chief Judge Thomas; Eastern District Judges Pamela K. Chen and Sandra J. Feurstein; Central District of California Judge William H. Alsup; Optimum Cable TV; CSC Holdings, LLC; former New York City Comptroller Scott M. Stringer; City MD Brooklyn Heights; Fulton Vision Center; CareCredit, also known as Synchrony Bank; Brian Doubles; private attorneys Richard Walsh, Alexandra E Claus, Amy Secter, Darin Billig, Peter T. Nguyen, Curtis Jackson, and Stephen P. Orlowski; and New York State Judges Randal Eng and Arthur Cooperman.

have been previously raised. *See, e.g., O'Diah v. N.Y.C. Dep't of Housing,* No. 21-MC-577, 2021 WL 1176222, at *2 (E.D.N.Y. Mar. 28, 2021) (denying leave to file complaint naming, among others, the September 11 Victim Compensation Fund); *O'Diah v. Discover Bank*, No. 19-CV-2730, 2019 WL 2289406, at *2 n.2 (E.D.N.Y. May 29, 2019) (alerting Plaintiff that even if he sought leave to file, the Court would "not entertain" previously raised claims, including those against OTDA and SSA); *O'Diah v. Benton*, No. 19-CV-1854 (N.D. Cal. May 15, 2019) (dismissing as frivolous and under federal pleading rules complaint against dozens of defendants, including federal judges, New York State Judges Cooperman and Eng, Federal Express, and the USPS), No. 19-16052 (9th Cir. Feb. 6, 2020) (dismissing appeal as frivolous). Because this submission is a continuation of Plaintiff's pattern of vexatious and frivolous litigation, the Court declines to grant him leave to proceed with this action and any other relief he seeks.

## CONCLUSION

The Court dismisses this action without prejudice for Plaintiff's failure to comply with the September 5, 2014 order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 14, 2022
         New York, New York

_____
VALERIE CAPRONI
United States District Judge